UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WILHELM, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 2718 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| OFFICER MICHAEL CRUZ and the CITY OF MCHENRY, a municipal corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff David Wilhelm brought this action under 42 U.S.C. § 1983 against Defendants Michael Cruz and the City of McHenry, Illinois. Wilhelm filed suit in the Eastern Division of the Northern District of Illinois. Before the Court is Defendants' motion to transfer the case to the Western Division of this District.

Section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought.

28 U.S.C. § 1404 (emphasis added). As the emphasized text makes clear, section 1404 permits transfer from one division of this District to the other. When asked at the motion hearing for his view of Defendants' motion, Wilhelm's counsel said: "I agree with it. I mean, you know, I think McHenry's clearly within the Western Division, so I don't disagree with the substance of the motion." Wilhelm demurred, however, on the ground that the motion was untimely, coming

six months after the complaint was filed and four months after a discovery schedule was set. The Court accordingly asked the parties for short briefs on the timing issue.

Unlike motions to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), which are subject to strict timing requirements, *see* Fed. R. Civ. P. 12(h)(1), no hard-and-fast timing requirements apply to section 1404 motions to transfer. Mere delay, standing alone, does not constitute adequate grounds to deny a section 1404 motion. *See Prokop v. Stonemor Partners LP*, 2009 WL 3764103, at *2 (N.D. Ill. Nov. 9, 2009); *Black & Decker v. Sunbeam Corp.*, 1994 WL 865386, at *2 (N.D. Ill. Feb. 2, 1994); *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979) (three-year delay did not preclude transfer). Defendants' six-month delay here is neither unreasonably long nor a product of bad faith. Defendants have complied with the court's orders and have conducted this litigation in a timely fashion. Discovery has yet to close, and transfer will not be unduly burdensome. The motion to transfer, therefore, is timely.

In addition to addressing the timing issue, Wilhelm's brief argued that transfer to the Western Division is substantively inappropriate under section 1404. Even if Wilhelm's statement at the motion hearing had not expressly waived any substantive objection to the motion, his submission would fail on the merits. An inter-division transfer under section 1404 is appropriate where (1) venue is proper in both this division and in the transferee division, (2) the transferee division is more convenient for both the parties and the witnesses, and (3) the transfer would serve the interests of justice. *See Prokop*, 2009 WL 3764103, at *2.

Those factors are plainly satisfied. Venue is proper in both divisions. *See German Am. State Bank ex rel. Estate Cowan v. United States*, 2004 WL 1535846, at *1 (N.D. Ill. July 8,

2004) ("because the Northern District of Illinois has no local rule requiring divisional venue, plaintiff could have filed her complaint in either the Eastern Division or the Western Division") (citation and alteration omitted). Moreover, the interests of justice and the convenience to the parties are clearly served by transfer. All material events occurred in McHenry County, which falls in the Western Division. *See* 28 U.S.C. § 93(a)(2). Both Defendants live or are located in the Western Division, and all relevant documents are located in McHenry County. Wilhelm himself lives in the Western Division, lessening the weight of his choice of an Eastern Division forum, *see Monfardini v. Quinlan*, 2002 WL 1264005, at *1 (N.D. Ill. June 4, 2005), and nearly every witness either lives or works in McHenry County. The parties are roughly equidistant from the Chicago and Rockford courthouses, but travel to Chicago is decidedly more unpredictable, inconvenient, and time-consuming in light of Chicago's heavier traffic and congestion. Given these circumstances, transfer is warranted under section 1404. *See, e.g., Navarette v. JQS Prop. Maint.*, 2008 WL 299084, at *2-3 (N.D. Ill. Jan. 29, 2008) (granting transfer where both parties and most of the relevant witnesses resided in the Western Division, all records were located in the Western Division, and a majority of the relevant events occurred in the Western Division); *Avco Corp. v. Progressive Steel Treating, Inc.*, 2005 WL 2483379, at *5 (N.D. Ill. Oct. 6, 2005) (granting transfer where the Eastern Division was not the home forum for any party, Defendants were located in the Western Division, all relevant conduct took place in the Western Division, and there was easier access to evidence in the Western Division); *Simes v. Jackson Nat'l Life Ins. Co.*, 2005 WL 2371969, at *4 (N.D. Ill. Sept. 22, 2005) (granting transfer where Western Division had more substantial connections to the litigation).

Accordingly, Defendants' motion to transfer this case to the Western Division of this District is granted. The Clerk is requested to take all appropriate steps to effectuate the transfer.

December 9, 2010

_____
United States District Judge